# EXHIBIT B



AN INTERNATIONAL ORGANIZATION DEDICATED TO PROTECTING THE RIGHTS OF ALL ANIMALS

PEOPLE FOR
THE ETHICAL
TREATMENT
OF ANIMALS
FOUNDATION

Washington, D.C.
1536 16th St. N.W.
Washington, DC 20036
202-483-PETA

Los Angeles
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-644-PETA

Norfolk
501 Front St.
Norfolk, VA 23510
757-622-PETA

Berkeley
2855 Telegraph Ave.
Ste. 301
Berkeley, CA 94705
510-763-PETA

PETA FOUNDATION IS AN
OPERATING NAME OF FOUNDATION
TO SUPPORT ANIMAL PROTECTION.

AFFILIATES:
• PETA U.S.
• PETA Asia
• PETA India
• PETA France
• PETA Australia
• PETA Germany
• PETA Netherlands
• PETA Foundation (U.K.)

June 10, 2020

*Via email*

Joseph M. Mitrecic
Chair
Tri-County Council Executive Board
31901 Tri-County Way
Salisbury, MD 21804
jmitrecic@co.worcester.md.us

**RE:    Shore Transit's denial of PETA's proposed advertisements**

Dear Mr. Mitrecic:

I write on behalf of my client, People for the Ethical Treatment of Animals, Inc. ("PETA"). On May 12, 2020, PETA submitted the proposed advertisements, below, for placement on Shore Transit via Vector Media.





On May 15, 2020, Vector Media Regional Manager Mark Sheely responded that Shore Transit had declined PETA's ads because Shore Transit finds them "too offensive for [its] market and political in nature."

While advertising space on public transit systems is a "nonpublic forum" under the First Amendment, *see Lehman v. City of Shaker Heights*, 418 U.S. 298, 304 (1974); *Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 897 F.3d 314, 322-23 (D.C. Cir. 2018), *cert denied*, 140 S. Ct. 1198 (2020); *White Coat Waste*

*Project v. Greater Richmond Transit Co.*, --- F. Supp. 3d ----, 2020 WL 2813402, at *29 (E.D. Va. May 30, 2020), policies limiting speech there "must be reasonable and viewpoint neutral." *White Coat Waste Project*, 2020 WL 2813402, at *29 (quoting *Child Evangelism Fellowship of MD, Inc. v. Montgomery Cty. Pub. Sch.*, 457 F.3d 376, 383 (4th Cir. 2006)).

In *White Coat Waste Project*, the court ruled in favor of the plaintiff advertiser after the transit agency denied its proposed ad as "political." 2020 WL 2813402, at *32. Though the GRTC purported to ban all political ads, its policy contained no written description of how it implemented the policy. *Id.* Instead, GRTC employees implemented the ban on political ads so inconsistently as to render the policy unconstitutional. *Id.* The employees in fact had "unbridled discretion in applying" the restriction on "political" ads. *Id.* (citing *Child Evangelism*, 457 F.3d at 386).

Additionally, the policy was unconstitutional because GRTC's ban on political ads varied in application based on its employees' understanding of the content of the advertisement. *Id.* at *33. The court wrote: "GRTC tends to view non-controversial statements of a political nature as 'public service announcements' while more controversial statements, or even the same statement espoused by a more controversial speaker, are viewed as 'political' in violation of the Advertising Policy." *Id.* This "*ad hoc* application of the Advertising Policy" resulted "in the inclusion of mainstream or uncontroversial views—as viewed by GRTC—while more controversial statements are excluded." *Id.*

Finally, GRTC's policy was unconstitutionally vague because 1) a person of ordinary intelligence could not readily determine whether the policy allowed or prohibited advertisements similar to White Coat Waste Project's, and 2) the policy was arbitrarily enforced. *Id.* at *39. GRTC's policy never defined the word "political." *Id.* at *39-40.

Shore Transit, like the GRTC, appears to have no written description of how it implements its ban on political advertising. Indeed, no advertising policy of any kind is posted on Shore Transit's website. If one exists, please provide it promptly. In the absence of any such policy and procedures, it appears that Shore Transit employees have the same level of discretion to deny advertising as "political" that was ruled unconstitutional in *White Coat Waste Project*, citing 4th Circuit standards applicable to Maryland. Similarly, Shore Transit has rejected PETA's proposed advertisements as "too offensive," a judgment its employees can come to only upon determining not merely whether the content of the advertisement is categorically political, but whether it is *controversial*. This distinction doomed the GRTC's policy, and Shore Transit's decision to ban content it deems offensive is likewise constitutionally impermissible. For these reasons, Shore Transit's policy to ban "political" or "offensive" speech is also unconstitutionally vague.

PETA respectfully requests that Shore Transit reverse its decision and run PETA's advertisements on the same terms it would give to any advertiser. Please respond no later than June 17, 2020. Should Shore Transit continue to unconstitutionally deny PETA's advertising, PETA will be forced to consider its legal remedies, and it expressly reserves its rights in this matter.

Very truly yours,

Gabe Walters
Manager of Litigation and
Manager of Legislative Affairs
PETA Foundation
Reply to: Washington, DC
gabew@petaf.org